UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: **09-CV-61209-Martinez-Brown**

CRAIG HAUSER,

    Plaintiff,

v.

FITZGERALD LAW FIRM, P.C.,
AND DONALD P. FITZGERALD,

    Defendants.

FILED by ___VT___ D.C.
ELECTRONIC

August 6, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, FITZGERALD LAW FIRM, P.C., placed telephone calls into this District on behalf of Defendant, , DONALD P. FITZGERALD.

### PARTIES

3. Plaintiff, CRAIG HAUSER, is a natural person and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, FITZGERALD LAW FIRM, P.C., ("FITZGERALD LAW FIRM") is a professional corporation and citizen of the State of Georgia with its principal place of business at P.O. Box 3628, Alpharetta, Georgia 30023.

5. Defendant, DONALD P. FITZGERALD, ("DONALD P. FITZGERALD") is a an attorney and member of the both the Florida and Georgia Bar. He is a citizen of the State of Georgia.

## FACTUAL ALLEGATIONS

6. Defendants sought to collect from Plaintiff an alleged debt arising from transactions engaged in primarily for personal, family and household purposes.

7. Defendant, DONALD P. FITZGERALD, is the president of, officer of, director of and manages FITZGERALD LAW FIRM.

8. Defendant, DONALD P. FITZGERALD, exercises supervisory authority over FITZGERALD LAW FIRM and is intimately involved with the practices and procedures of FITZGERALD LAW FIRM.

9. As a member of the Florida and Georgia Bar, DONALD P. FITZGERALD, is bound by bar rules which require him to supervise employees of his firm and hold him responsible for the conduct of the firm's employees.

2

10. Defendant, DONALD P. FITZGERALD, makes all decisions regarding the practices and procedures of FITZGERALD LAW FIRM and implemented the practices and procedures complained of herein.

11. Defendant, DONALD P. FITZGERALD, individually and in his capacity as president, officer, and director of FITZGERALD LAW FIRM, formulated, directed, controlled, and approved of the practices and procedures of FITZGERALD LAW FIRM including those complained of herein.

12. Defendant, DONALD P. FITZGERALD, is personally liable for the practices and procedures complained of herein.

13. Defendant, FITZGERALD LAW FIRM, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

14. Defendant, DONALD P. FITZGERALD, regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

15. Defendant, FITZGERALD LAW FIRM, regularly collects or attempts to collect debts for other parties.

16. Defendant, FITZGERALD LAW FIRM, is a "debt collector" as defined in the FDCPA.

17. Defendant, DONALD P. FITZGERALD, is a "debt collector" as defined in the FDCPA.

3

18. At all times material to the allegations of this complaint, Defendant, FITZGERALD LAW FIRM, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

19. At all times material to the allegations of this complaint, Defendant, DONALD P. FITZGERALD, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

20. By virtue of its status as a debt collector, DONALD P. FITZGERALD, is vicariously liable to Plaintiff for FITZGERALD LAW FIRM'S violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

21. Defendant, FITZGERALD LAW FIRM, left the following telephone messages on Plaintiff's residential voice mail on or about the dates stated:

July 29, 2008
This is not a sales or marketing phone call. Press the 9 key now to retrieve your message or call us back at 877-475-7617. Thank you. Hello. This is a message for Craig Guzenhauser. This is not a sales or marketing phone call. Press the 9 key now to retrieve your message or call us back at 877-475-7617. Thank you.

August 6, 2008
Hello. This is a message for Craig Guzenhauser. This is not a sales or marketing phone call. To retrieve your message please call us back at 877-475-7617. Thank you.

4

<u>August 26, 2008</u>
Guzenhauser. This is not a sales or marketing phone call. Press the 9 key now to retrieve your message or call us back at 877-475-7617. Thank you. Hello. This is a message for Craig Guzenhauser. This is not a sales or marketing phone call. Press the 9 key now to retrieve your message or call us back at 877-475-7617. Thank you.

<u>October 21, 2008</u>
Guzenhauser Craig. This is not a sales or marketing phone call. To retrieve your message press the 9 key now or call us back at 877-475-7617. Thank you. Hello. This is a message for Guzenhauser Craig. This is not a sales or marketing phone call. To retrieve your message press the 9 key now or call us back at 877-475-7617. Thank you.

22. Defendant, FITZGERALD LAW FIRM, left similar or identical messages for Plaintiff on other occasions within one-year of the filing of this complaint. (Collectively, "the telephone messages").

23. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div.</u>, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

24. Defendant, FITZGERALD LAW FIRM, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of its messages.

25. Defendant, FITZGERALD LAW FIRM, knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

5

26. Plaintiff incorporates Paragraphs 1 through 25.

27. Defendant, FITZGERALD LAW FIRM, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

28. Plaintiff incorporates Paragraphs 1 through 25.

29. Defendant, FITZGERALD LAW FIRM, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591,

6

593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

30.    Plaintiff incorporates Paragraphs 1 through 25.

31.    Defendant, FITZGERALD LAW FIRM, asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector, or the purpose of its communications, when FITZGERALD LAW FIRM, knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

32. Plaintiff incorporates Paragraphs 1 through 25.

33. By failing to disclose that it is a debt collector and the purpose of its communication, Defendant, FITZGERALD LAW FIRM, willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V
## DECLARATORY AND INJUNCTIVE RELIEF

34. Plaintiff incorporates Paragraphs 1 through 25.

35. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks injunctive relief.

36. Pursuant to the FCCPA, Plaintiff seeks a declaration that Defendant's practices violate the FCCPA.

37. Pursuant to the FCCPA, Plaintiff seeks an injunction prohibiting Defendants from further violation of the FCCPA.

8

WHEREFORE, Plaintiff requests that the Court enter judgment:

a. permanently injoining Defendants from engaging in the violative practices;

b. declaring that Defendant's practices violate the FCCPA; and

b. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 6 day of August, 2009.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By:_____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

9

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Craig Hauser

**DEFENDANTS**

Fitzgerald Law Firm, P.C. and Donald P. Fitzgerald

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339. TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

0:09CV 61209-Martinez
Brown

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case  15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane · ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability · ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander · ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **PERSONAL PROPERTY** | | |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 340 Marine · ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 345 Marine Product Liability · ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle · ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability · ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury · ☐ | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** · **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting · ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure B | ☐ 442 Employment · ☐ 530 General* | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations · ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare · ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights · ☐ 550 Civil Rights *A or B | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | | | ☒ 890 Other Statutory Actions* *A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding  ☐ 2 Removed from State Court  ☐ 3. Remanded from Appellate Court  ☐ 4. Refiled  ☐ 5. Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A ☐ UNDER F.R.C.P.23  CLASS ACTION No  DEMAND $ N/A  ☐ Check YES only if demanded in complaint  JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See Instructions):  JUDGE  DOCKET NUMBER

DATE: August __, 2009  SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT  FOR OFFICE USE ONLY: Receipt No._____  Amount $360.00  Date Paid:_____  M/ifp:_____

S/F 1-2
REV. 9/94